IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| KATHY HOWELL, | ) | |
| | ) | |
|        Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-2059-STA/tmp |
| | ) | |
| SMITH & NEPHEW | ) | |
| | ) | |
| | ) | |
|        Defendants. | ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, Smith & Nephew, Inc. ("Defendant"), files this memorandum in support of its motion to dismiss Plaintiff's case with prejudice and for costs and attorneys' fees.

**I. PROCEDURAL BACKGROUND**

On January 2, 2013, Defendant propounded its second set of Requests for Production of Documents to Plaintiff. (Exhibit A, Second Requests.) The Requests pertained to various documents that Plaintiff identified in her deposition as being in her possession, but that had not been produced with Plaintiff's responses to Defendant's first set of Requests for Production. Plaintiff's responses were due on February 4, 2013. Despite notifying Plaintiff that her responses were past due and providing unrequested additional time for her to respond, Plaintiff failed to serve responses. Moreover, Plaintiff has failed to respond to Defendant's attempts to communicate with her. Defendant conferred in good faith with Plaintiff several times in accordance with Federal Rule of Civil Procedure 37(a)(1) in an attempt to resolve the discovery issues prior to filing its motion to compel on March 5, 2013.

On March 22, 2013, after Plaintiff failed to respond to Defendant's motion to compel, this Court granted Defendant's motion and ordered Plaintiff to respond fully to Defendant's Second Requests for Production of Documents by April 5, 2013. (#44.) In its order, the Court explicitly warned the Plaintiff "that failure to cooperate in discovery or to comply with court orders, including this order, shall result in the imposition of sanctions, including payment of attorney's fees and/or dismissal of her case with prejudice." (#44.) In spite of the Court's order, to date, Plaintiff has failed to serve her responses to Defendant's Second Requests for Production of Documents.

## II. ARGUMENT

The Court should dismiss Plaintiff's case for failure to comply with the Court's March 22, 2013 order compelling discovery. "[A] *pro se* plaintiff's complaint may be dismissed when the plaintiff has been directed to comply with a court order and has been given notice that dismissal will be the penalty for failure to comply." *Byars v. Potter*, 2006 WL 1867351 (W.D. Tenn.) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).

In this case, the facts show that Plaintiff has willfully refused to comply with the Court's order and, because of her noncompliance, Defendant has been unable to gather all relevant information needed to defend itself in this lawsuit. The willfulness of Plaintiff's misconduct is clearly evidenced by her repeated indifference towards her discovery obligations. Prior to filing its motion to compel, Defendant generously offered Plaintiff an opportunity and additional time to respond to Defendant's discovery. (Exhibit B, Feb. 14 Ltr.)  Plaintiff ignored Defendant's correspondence and the deadlines, just as Plaintiff later ignored Defendant's motion to compel—filing no response whatsoever and not offering any explanation of her inaction. Unfortunately, the Court's March 22, 2013 order also failed to secure Plaintiff's compliance with the rules of

discovery, despite the Court's clear warning that failure to comply may result in dismissal of Plaintiff's complaint.

Although Plaintiff is proceeding *pro se*, she is still bound to comply with the rules of discovery and the orders of this Court. *Jourdan*, 951 F.2d 108 (dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay)(quoting *Holt v. Pitts*, 619 F.2d 558, 562 (6th Cir. 1980). In *Jourdan*, the Sixth Circuit noted that *pro se* litigants are held to a "less stringent" standard in drafting pleadings as they "should not be precluded from resorting to the courts merely for want of sophistication." *Id.* However, the Court goes on to hold that "no persuasive reason has been posited [as to why *pro se* litigants] should be accorded special consideration [in matters of a repeated failure to respond to discovery because] [h]is action was not dismissed as the result of inartful pleading or any lack of legal training, but rather because he failed to adhere to readily comprehended court deadlines of which he was well-aware." *Id.*

Further, Plaintiff's lack of cooperation has clearly prejudiced the Defendant. To date, despite its efforts over the last several months and the Court's intervention, Defendant is still without complete discovery from Plaintiff. Moreover, Defendant has had to incur the expense of multiple motions to address Plaintiff's inactivity.

A dismissal with prejudice under Federal Rule of Civil Procedure 41(b) is warranted, as a "clear record of delay and contumacious conduct by Plaintiff exists and a lesser sanction would not better serve the interests of justice." *Consolidation Coal Co. v. Gooding*, 703 F.2d 230, 233 (6th Cir. 1983)(quoting *Gonzalez Firestone Tire & Rubber Co.*, 610 F.2d 241 (5th Cir. 1980)). Here, Plaintiff's failure to participate in discovery, her failure to respond to the motion to compel, her failure to adhere to the Court's order, along with her lack of diligence in familiarizing herself with the Federal Rules of Civil Procedure constitutes such "bad faith or

contumacious conduct" to warrant a dismissal with prejudice. Finally, there is no indication that a lesser monetary sanction would better serve the interests of justice. It does not appear that a monetary sanction would be an effective remedy, as Plaintiff is currently proceeding *in forma pauperis*.

### III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court find that Plaintiff's failure to respond to Defendant's discovery requests constitutes willful contempt of the Court's order granting Defendant's motion to compel. Defendant further requests that pursuant to the Court's inherent powers, the proper sanction for such behavior is entry of an order dismissing Plaintiff's claims in their entirety.

Respectfully submitted,

s/*Grace H. Skertich*
Grace H. Skertich, TN Bar No. 028581
Carl K. Morrison, TN Bar No.16824
Ogletree, Deakins, Nash,
Smoak & Stewart, P.C.
6410 Poplar Avenue, Suite 300
Memphis, TN  38119
Telephone:  901.766.4317
Facsimile:  901.767.7411
grace.skertich@ogletreedeakins.com
carl.morrison@ogletreedeakins.com

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

   I hereby certify that I have this 8th day of April, 2013 caused to be delivered via United States mail, postage pre-paid, a true and correct copy of the above reference document to the following:

    Kathy Howell
    4244 Jones
    Memphis, TN 38128

               s/*Grace H. Skertich*