# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| KATHY HOWELL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )    Civil No. 12-2059-STA/tmp |
| | ) |
| SMITH & NEPHEW, | ) |
| | ) |
|     Defendant. | ) |

## REPORT AND RECOMMENDATION

Before the court by order of reference is defendant Smith and Nephew's Motion to Dismiss Plaintiff's Complaint, filed April 8, 2013. (ECF No. 46.) The court recommends that the Motion to Dismiss be granted and that the case be dismissed with prejudice.

On January 26, 2012, plaintiff Kathy Howell filed a *pro se* complaint pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination under 42 U.S.C. §§ 2000e et seq. and a motion seeking leave to proceed *in forma pauperis*. (ECF No. 2.) On January 31, 2012, the court granted leave to proceed *in forma pauperis*. (ECF No. 3.) On February 2, 2012 the court referred the case to the *pro se* staff attorney for screening. On April 13, 2012, the court entered an Order to Issue and Effect Service of Process. (ECF No. 4.) In that order, the court warned plaintiff that failure to comply with the court's orders could result in

dismissal of her complaint without further notice.  On March 27, 2013, the district judge entered an order of reference assigning to the undersigned magistrate judge the management of this case pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639 (2006). (ECF No. 45.)

On June 26, 2012, the parties appeared before the undersigned magistrate judge for a Rule 16(b) scheduling conference.  At the conference, the undersigned informed Howell of her obligations to comply with the deadlines in the scheduling order and warned her that failure to comply with the deadlines or to cooperate in discovery could result in sanctions, including dismissal of her complaint.[1]  On June 27, 2012, the court entered a scheduling order, which set the discovery deadline for February 20, 2013. Trial was then set for July 29, 2013.  The trial was later continued to September 30, 2013.

On January 2, 2013, defendant propounded its Second Set of Requests for Production of Documents to Plaintiff.  The requests pertained to various documents that plaintiff identified in her deposition as being in her possession, but which had not been produced with plaintiff's responses to defendant's First Set of

---

[1] Howell was present in the courtroom while the undersigned conducted a scheduling conference on another, unrelated *pro se* case, at which time the court advised this other *pro se* plaintiff about the consequences of non-compliance with the court's orders.  When Howell's case was called, Howell verbally confirmed that she heard the court's admonition to the *pro se* plaintiff in the prior called case.

Requests for Production.  Plaintiff's responses were due on February 4, 2013.  Despite notifying plaintiff that her responses were past due and providing additional time for her to respond, plaintiff failed to serve responses.  Plaintiff also failed to respond to defendant's attempts to communicate with her.  Defendant conferred in good faith with plaintiff several times in accordance with Federal Rule of Civil Procedure 37(a)(1) in an attempt to resolve the discovery issues prior to filing its motion to compel on March 5, 2013.  On March 22, 2013, after plaintiff failed to respond to defendant's motion to compel, this court granted defendant's motion to compel and ordered plaintiff to respond fully to defendant's Second Requests for Production of Documents by April 5, 2013.  In its order, the court explicitly warned plaintiff "that failure to cooperate in discovery or to comply with court orders, including this order, shall result in the imposition of sanctions, including payment of attorney's fees and/or dismissal of her case with prejudice."  Despite the court's order, plaintiff failed to serve her responses to defendant's second request for production of documents as required.

As a result of plaintiff's noncompliance, on April 8, 2013, defendant filed the instant Motion to Dismiss.  By May 15, 2013, plaintiff had not filed a response to the motion.  On that same date, the court entered an Order to Show Cause, directing plaintiff to show cause within fourteen (14) days why the defendant's Motion

to Dismiss should not be granted. Plaintiff was warned that failure to respond to the show cause order would result in a recommendation to the District Judge that the complaint be dismissed with prejudice. Plaintiff did not respond to the Order to Show Cause.

Defendant moves for dismissal under Federal Rules of Civil Procedure 37 and 41 for failure to cooperate in discovery and failure to follow the court's orders. Fed. R. Civ. P. 37(b)(2)(A) permits the court to impose sanctions, including dismissal of the entire action, if a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The Sixth Circuit has held that "dismissal is an appropriate sanction where the party's failure to cooperate with the court's discovery orders is due to willfulness." Bass v. Jostens, Inc., 71 F.3d 237, 241 (6th Cir. 1995) (citing Brookdale Mill, Inc. v. Rowley, 218 F.2d 728, 729 (6th Cir. 1954)). "A willful violation occurs whenever there is a conscious and intentional failure to comply with the court order." Id. When considering whether to dismiss a case for failure to comply with a court order or for failure to prosecute, a court should consider factors such as: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was

prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." Wu v. T.W. Wang, Inc., 420 F.3d 641, 643 (6th Cir. 2005). "[D]ismissal for failure to prosecute is a harsh sanction which the court should order only in extreme situations." Id. A district court should not dismiss for failure to prosecute unless there is a "clear record of contumacious conduct by the plaintiff." Id.

Regarding the first factor, the only reasonable conclusion to be drawn from the record is that plaintiff's failure to comply with the court's orders and to participate meaningfully in this case has been willful. There is no indication that plaintiff did not receive the court's prior orders, including the order compelling discovery and the Order to Show Cause. Plaintiff's willful failure to comply with the court's orders demonstrates an intent to thwart the judicial process. Schafer v. City of Defiance Police Dept., 529 F.3d 731, 739 (6th Cir. 2008) ("A finding of fault in this context requires evidence that the plaintiff intended to 'thwart' the judicial proceedings or had a 'reckless disregard' for the effect that his conduct would have on the case."). At a minimum, plaintiff's inaction, particularly in the face of a motion to dismiss and an Order to Show Cause, demonstrates plaintiff's reckless disregard for the need to prosecute her case.

Second, the defendant has been prejudiced. "The key to finding prejudice in a dismissal for lack of prosecution is whether the defendants waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." Id. (internal quotation marks omitted). Defendant has expended time and resources in pursuit of discovery responses from plaintiff, including having to pay counsel to file the motion to compel and to attempt to obtain discovery from plaintiff prior to filing the motion to compel.

Third, plaintiff has been warned numerous times that her failure to comply with the court's orders or to cooperate in discovery could result in the dismissal of her complaint. She was warned in the order to issue service of process, at the scheduling conference, in the order compelling discovery, and in the show cause order.

Finally, it is unclear what remedy short of dismissal is appropriate. Plaintiff has taken no action to comply with the court's order compelling discovery. In fact, she did not even respond to the motion to compel, which resulted in the motion being granted. She failed to respond to the motion to dismiss, and after the court entered the show cause order, she still refused to respond. Although the dismissal of a claim for failure to prosecute is a "harsh sanction which the court should order only in extreme situations[,]" Little v. Yeutter, 984 F.2d 160, 162 (6th

Cir.1993), the court submits that this extreme sanction is warranted under the facts of this case.

Therefore, it is recommended that defendant's Motion to Dismiss be granted and that the complaint be dismissed with prejudice pursuant to Fed. R. Civ. P. 37 and 41(b).

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

June 7, 2013
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, A PARTY MAY SERVE AND FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. FED. R. CIV. P. 72(B)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**